■ BARBARA B. WHISPELL, Respondent, v DANIEL M. WHISPELL, Appellant.—Yesawich, Jr., J. Appeal from a judgment of the Supreme Court (Bryant, J.), which, *inter alia,* ordered equitable distribution of the parties' marital property, entered September 10, 1987 in Tompkins County, upon a decision of the court, without a jury.

The parties to this divorce action were married in 1973 and permanently separated in May 1986. The primary marital asset was a house which the parties had built for $60,000, one half of which was financed by a mortgage from a local bank and one half by an unsecured loan from plaintiff's parents. Upon completion of the house, the parties deeded an undivided one-half interest in the residence to plaintiff's parents. In 1984, the parents conveyed their interest in the marital home to plaintiff and her son by a prior marriage, as joint tenants. Supreme Court deemed the property transfer to

plaintiff's parents to be in consideration of their $30,000 loan. While this was also acknowledged to be the case in defendant's proposed schedule of equitable distribution, at trial he maintained that the money advanced by plaintiff's parents was a gift, and on appeal he argues that the property conveyance was merely a security interest on a loan that was half forgiven by the conveyance back to his wife. As the 1984 transfer by the parents to plaintiff and her son was found by the court to be a gift, only one half the residence was considered to be marital property (see, Domestic Relations Law § 236 [B] [1] [d] [1]). One half of the residence's equity amounted to $48,500, from which Supreme Court awarded defendant a distributive award of $7,000. Defendant was also given $975 representing one half of the value of jointly owned stock previously sold by plaintiff, one of the couple's two cars, a portion of the parties' household furnishings and maintenance of $100 per month for one year. Plaintiff retained other marital property consisting of a pension, an IRA and bank accounts, having a cumulative value of $11,370.

Defendant appeals, arguing essentially that Supreme Court abused its discretion in determining that the undivided one-half interest in the marital residence plaintiff received from her parents is separate property, in allowing defendant only $7,000 in lieu of his interest in the premises and in ordering inadequate maintenance. We affirm.

There is no proof that the parties' transfer to plaintiff's parents was anything other than an absolute conveyance. Indeed, Real Property Law § 320, upon which defendant now relies, requires a written instrument indicating that the deed in question is intended as a security interest only (see, Resseguie v Adams, 55 AD2d 698, 699, affd sub nom. Locator-Map, Inc. v Adams 42 NY2d 1022). Nor was there any showing that the parents' subsequent gift was intended to benefit defendant in any way, thus rendering plaintiff's share separate property (see, Domestic Relations Law § 236 [B] [1] [d] [1]).

At the outset it should be noted that although Supreme Court's distribution of the marital property was uneven—defendant received approximately 11.5%—there is no requirement that each item of marital property be distributed evenly (Arvantides v Arvantides, 64 NY2d 1033, 1034). In arriving at its decision the court considered, inter alia, plaintiff's continuous employment, high salary and good future earning prospects, her payment of virtually all household expenses and $7,500 investment in capital improvements to the marital residence; defendant's sporadic employment, indolence, im-

moderate drinking and generally negative contribution to the marriage; and the parties' 14 years of marriage, relatively high standard of living, good health and advanced age. Moreover, the court credited plaintiff's allegation that following the parties' separation in 1975, she reconciled with defendant simply because of his threats to make things difficult for her son through contacts had with the local police and that thereafter the marriage was merely a matter of living in the same household. Having found that defendant contributed so little to the marital enterprise, Supreme Court could properly conclude that he deserved little of its monetary value upon dissolution (see, Kobylack v Kobylack, 111 AD2d 221, 222; Barnes v Barnes, 106 AD2d 535, 536).

Defendant maintains that Supreme Court abused its discretion in finding that he did not contribute significantly to the marriage, pointing to his income from bartending, $25 per week which plaintiff paid him for housekeeping which he purportedly used to pay property taxes, and unreported income. Defendant also complains that the court ignored his role in pulling plaintiff "from the gutter" when she suffered from alcoholism, and that its findings of immoderate drinking and blackmail on the part of defendant are not supported by the record.

Turning first to economic contribution, the record evidence is that plaintiff generated over 80% of the couple's income. As for the unreported income, that is not in the record because defendant was counseled to heed Supreme Court's warning and not divulge it, thereby avoiding the risk of self-incrimination. The amount of the unreported income not having been disclosed, the court was obviously unable, without speculating, to factor it into its decision in arriving at defendant's share of the marital property.

Defendant's claimed contribution to the marriage finds mixed support in the record and at best raises credibility matters Supreme Court was better positioned to resolve (see, Bidwell v Bidwell, 122 AD2d 364, 367). Given Supreme Court's findings, which are supported by the record, its distribution of marital assets cannot be said to constitute an abuse of discretion and, thus, should not be disturbed (see, Petrie v Petrie, 124 AD2d 449, 450, lv dismissed 69 NY2d 1038).

Finally, defendant contends that Supreme Court's maintenance award of only $100 per month for one year was injudicious. At the commencement of this action, Domestic Relations Law § 236 (B) (6) (a) listed the recipient's needs and the

payor's ability to pay as considerations to be taken into account in determining just maintenance. While the temporary maintenance award is indeed minimal and well within plaintiff's ability to pay, it was apparently designed to supplement defendant's unemployment payments to a level commensurate with his anticipated Social Security income which is due to begin at the termination of the maintenance award. Supreme Court evidently deemed this amount adequate to meet the needs of what it perceived to be defendant's unindustrious life-style. Moreover, in arriving at the amount of maintenance, the court was entitled to consider, among the various factors, marital fault *(Wilbur v Wilbur,* 116 AD2d 953, 954), which here consisted primarily of defendant's coercion of plaintiff to remain in a marriage where she received verbal abuse while defendant was permitted, as Supreme Court found, to work "as the spirit moves him". Certainly, in the context of the facts and circumstances of this case, it would be inequitable to require plaintiff to continue to support him more handsomely; the concept of marriage does not contemplate so unequal a partnership. Furthermore, although plaintiff enjoys a decided earning advantage over defendant both in terms of age and education, it is not as though defendant sacrificed earning or training opportunities to raise children or maintain the household. In sum, the maintenance awarded is within Supreme Court's broad discretion.

Judgment affirmed, without costs. Mahoney, P. J., Mikoll, Yesawich, Jr., Levine and Harvey, JJ., concur.