■ LAURA DAISERNIA, Respondent, v NICHOLAS DAISERNIA, Appellant.—Mahoney, J. Appeal from a judgment of the Supreme Court (Lynn, J.H.O.) ordering, inter alia, equitable distribution of the parties' marital property, entered August 12, 1991 in Greene County, upon a decision of the court.

At issue in this matrimonial action is the propriety of Supreme Court's equitable distribution award. Review of the record reveals that the parties were married in August 1985. Insofar as is relevant here, at the time of the marriage defendant had $2,000 in an IRA and plaintiff, a licensed practical nurse, was halfway through a two-year registered nursing program. In 1987, plaintiff's family deeded an eight-acre tract of land to the parties upon which they built the marital home. It is uncontroverted that defendant contributed $17,701.81 of his separate property toward construction of the home; the remainder of the cost was financed through a construction loan upon which both parties were obligated. By 1988, plaintiff had commenced an action for divorce on the ground of cruel and inhuman treatment. Defendant commenced a like action and the matters were consolidated for trial. In addition to the marital home, during the marriage the parties purchased a used car, $4,000 was added to defendant's IRA and $2,000 was placed in an IRA for plaintiff. The parties also incurred personal debt upon which there was a balance of approximately $3,500 at the time the action was commenced. Following trial, Supreme Court granted the parties a divorce and prepared a lengthy decision setting forth its equitable distribution plan. Claiming numerous errors in the distribution, defendant appeals.

Defendant's principal arguments on appeal concern Supreme Court's treatment of plaintiff's nursing license and the marital residence. Addressing first the nursing license, we find that the court did classify it as marital property and that such classification was proper. Moreover, in view of the record evidence which established that plaintiff used student loans, educational grants and earnings from part-time employment as a licensed practical nurse to pay for her second-year tuition and most, if not all, of her living expenses (the parties maintained two separate residences for the first 5 to 6 months of plaintiff's second year of schooling as defendant was engaged in a training program in the New York City area), we see no abuse of discretion in the court's decision not to make a distributive award to defendant for the professional license. We likewise see no reason to disturb the court's distribution arrangement with respect to the marital residence. Proceeds from the sale of this asset were distributed $17,710 to defendant, reflecting his separate property investment, and $35,000 to plaintiff, representing the value of the land which Supreme Court determined was intended as a gift to her from her family. The remainder of the proceeds were divided equally. Concededly, the trial testimony conflicted on whether the land was intended as a gift by plaintiff's family to plaintiff and defendant both or whether it was intended as a gift to plaintiff alone (as some sort of an advancement on her inheritance in an effort to equalize a prior gift plaintiff's parents had made to their other daughter) and defendant's name added only as a matter of convenience to enable them to obtain a construction loan. In resolving this issue, the court explicitly noted that it credited plaintiff's version of the facts because it found defendant's testimony and that of his witness to be incredible due to inconsistencies in certain portions of their testimony as well as their overall demeanor and conduct while on the stand. While defendant challenges this determination, in view of Supreme Court's broad discretion in resolving conflicting evidence with credibility determinations *(see, Garges v Garges,* 175 AD2d 511; *Guarnier v Guarnier,* 155 AD2d 744) and discerning no abuse of discretion in this regard from a review of the record, we see no reason to interfere.

The remainder of defendant's complaints, in the main, turn upon credibility determinations made by Supreme Court which were adverse to defendant, or upon a perceived failure of proof to support certain of his allegations and do not rise to the level of abuse warranting reversal or modification *(see, e.g., Monette v Monette,* 177 AD2d 802; *Finch v Finch,* 177

AD2d 836). In addition, defendant's argument with regard to the ordered distribution of the IRA proceeds ignores the stipulation entered into by the parties on the record and in open court that $6,000 in joint funds was added to the parties' IRAs during the marriage. In view of this, the award of $3,000 to each party seems eminently reasonable.

We note as a final matter, however, that Supreme Court erred in apparently classifying the used car purchased during the marriage (a 1984 Volkswagen Rabbit with a bent frame) as plaintiff's separate property. While approximately 70% of the $1,440 purchase price was funded by proceeds from the sale of plaintiff's separate property (a car she owned prior to the marriage), it is uncontroverted that the remaining 30% consisted of marital funds. Accordingly, this latter portion clearly is marital property (Domestic Relations Law § 236 [B] [1] [c]). However, defendant's complete failure to come forward with any evidence whatsoever establishing the value of the car or the value of any subsequent repairs he claims he made to it, so as to satisfy his burden of proof in this regard, forecloses our consideration of this issue (see, Dugue v Dugue, 172 AD2d 974, 976; Davis v Davis, 128 AD2d 470, 475; see also, Wells v Wells, 177 AD2d 779, 781-782 [Mercure, J., dissenting]). In any event, because of the relatively insignificant amount at issue (i.e., one half of 30% of the value of a damaged 1984 Volkswagen Rabbit), remittal for additional hearings on this issue would, under the circumstances, be unjustified because it would serve only to further deplete the parties' modest assets and to waste already scarce judicial resources (see, Dugue v Dugue, supra; cf., Turner v Turner, 145 AD2d 752).

Weiss, P. J., Levine, Crew III and Harvey, JJ., concur. Ordered that the judgment is affirmed, without costs.