■ In the Matter of Robert E. Weis, Jr., Appellant, v Maryann Castagna, Respondent. [739 NYS2d 620] —In a child support proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Suffolk County (Freundlich, J.), dated March 15, 2001, which denied his objections to an order of the same court, dated January 16, 2001 (Raimondi, H.E.), dismissing the petition.

Ordered that the order is affirmed, with costs.

The Family Court correctly dismissed the father's petition for continued child support from the mother, since their daughter was emancipated upon turning 21 years of age (see Family Ct Act § 413 [1]; Matter of Shabazian v Shabazian, 246 AD2d 688; Hirsch v Hirsch, 142 AD2d 138). Prudenti, P.J., Feuerstein, Luciano and Schmidt, JJ., concur.

■ In the Matter of Yelena Zhigina, Respondent, v Yakov Adzhiashvili, Appellant. [739 NYS2d 607] —In a child support proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Queens County (Salinitro, J.), dated July 27, 2000, which denied his objections to an order of the same court (Borofsky, H.E.), dated October 14, 1999, which, inter alia, directed that he pay child support in the amount of $261.54 per week.

Ordered that the order is affirmed, with costs.

The Family Court properly found that the father failed to adequately disclose his income and assets, and imputed income to him of $80,000 per year (see Family Ct Act § 413 [1] [k]). Where, as here, a party's account of his or her income and assets is not believable, the court is justified in finding a true or potential income higher than that claimed (see Matter of Thomas v DeFalco, 270 AD2d 277; Brown v Brown, 239 AD2d 535). The imputation of $80,000 per year of income to the father is reasonable and supported by the record.

While it is well settled that a court may determine child support on the basis of a party's earning potential (see Petek v Petek, 239 AD2d 327, 328), there is nothing in the record to rebut the mother's contention that she is a stay-at-home mother who has no earnings. Thus, the Family Court properly calculated support based on the mother having an income of zero.

The father's remaining contentions are without merit. Altman, J.P., Florio, H. Miller and Cozier, JJ., concur.