■ ELENA MAGGI, Respondent, v PETER MAGGI, Appellant. [756 NYS2d 789] —In an action for a divorce and ancillary relief, the defendant appeals (1), as limited by his brief, from stated portions of a judgment of divorce of the Supreme Court, Kings County (Yancey, J.), dated November 26, 2001, which, inter alia, directed that (a) the plaintiff receive permanent maintenance in the amount of $2,500 per month, and (b) he shall be responsible for payment of all income taxes on the maintenance payments, but that such payments shall not be tax deductible by him, (2) from a counterorder of the same court, dated July 9, 2002, which granted the plaintiff's motion to hold him in contempt of court for failing to pay her support, maintenance, and counsel fees as required by the judgment and directed him to pay such amounts, and (3) from an order of the same court, dated September 11, 2002, which denied his motion to recuse Justice Yancey.

Ordered that the judgment is modified, on the law, by deleting the third decretal paragraph thereof directing that the defendant shall be responsible for the payment of all the income taxes on the maintenance payments made to the plaintiff and that these payments shall not be tax deductible by the defendant, and substituting therefor a provision that maintenance payments shall not be taxable to the plaintiff and shall not be tax deductible by the defendant; as so modified, the judgment is affirmed; and it is further,

Ordered that the counterorder and order are affirmed; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

In determining a party's maintenance obligation, a court need not rely solely on the party's own account of his or her finances, but may impute income based upon the party's past earnings or demonstrated earning potential (*see Mollon v Mollon,* 282 AD2d 659, 660 [2001]). Furthermore, where, as here, a party's account of his or her income and assets is not believable, the court is justified in finding a true or potential income higher than that claimed (*see Rohrs v Rohrs,* 297 AD2d 317 [2002]; *Matter of Zhigina v Adzhiashvili,* 292 AD2d 625

[2002]). Contrary to the defendant's contentions, there is ample evidence in the record to support the Supreme Court's finding that, in addition to his declared income for the years in question, he earned over $200,000 in undeclared income in payments from the corporations which he controlled.

The Supreme Court providently exercised its discretion in awarding the plaintiff permanent maintenance in the amount of $2,500 a month, in view of the parties' predivorce standing of living and the other factors considered (*see* Domestic Relations Law § 236 [B] [6] [a]; *Hartog v Hartog,* 85 NY2d 36, 50-52 [1995]; *Sperling v Sperling,* 165 AD2d 338, 343-344 [1991]).

However, as the courts generally provide that maintenance payments are either taxable to the spouse receiving the payments and tax deductible by the spouse making the payments, or not taxable to the spouse receiving the payments and not tax deductible by the spouse making the payments (*see Markopoulos v Markopoulos,* 274 AD2d 457 [2000]), the judgment is modified to reflect the latter option.

The defendant's remaining contentions are without merit. S. Miller, J.P., Krausman, Townes and Mastro, JJ., concur.