KAREN O. HATHAWAY, Respondent, v BRION J. HATHAWAY, Appellant. [791 NYS2d 631]—

In an action for a divorce and ancillary relief, the defendant appeals (1) from an order of the Supreme Court, Queens County (Gartenstein, J.H.O.), dated February 27, 2003, which denied his motion, in effect, to reopen the trial for the presentation of additional evidence, (2) from an order of the same court (Gartenstein, J.H.O.), dated May 20, 2003, which denied his motion to dismiss the complaint and imposed a sanction against him, (3) from stated portions of a judgment of divorce of the same court (Gavrin, J.), entered July 29, 2003, which, after a nonjury trial, inter alia, dissolved the marriage, equitably distributed 70% of the marital assets to the plaintiff and only 30% of the marital assets to him, awarded him maintenance in the sum of only $1,000 per month until July 15, 2003, and directed that the plaintiff's "outstanding legal fees . . . and those fees paid previously from her separate property . . . be paid to plaintiff's counsel and reimbursed to plaintiff, respectively, from the marital assets prior to the distribution to the

parties," and (4), as limited by his brief, from so much of an order of the same court (Gartenstein, J.H.O.), dated November 10, 2003, as denied his motion for maintenance arrears and imposed a sanction against him.

Ordered that the appeals from the orders dated February 27, 2003, and May 20, 2003, are dismissed, without costs or disbursements; and it is further,

Ordered that the judgment is modified, on the law, by deleting the provision thereof directing that the plaintiff's "outstanding legal fees . . and those fees paid previously from her separate property . . . be paid to plaintiff's counsel and reimbursed to plaintiff, respectively, from the marital assets prior to the distribution to the parties"; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements; and it is further,

Ordered that the order dated November 10, 2003, is affirmed insofar as appealed from, without costs or disbursements.

The appeals from the orders dated February 27, 2003, and May 20, 2003, must be dismissed because the right of direct appeal therefrom terminated with entry of judgment in the action (*see Matter of Aho,* 39 NY2d 241, 248 [1976]). The issues raised on the appeals from those orders are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

Contrary to the defendant's contention, the evidence adduced at trial was sufficient to sustain the grant of divorce on the ground of constructive abandonment (*see* Domestic Relations Law § 170 [2]). The unrefuted proof established that the defendant refused to engage in sexual relations with the plaintiff for one or more years prior to the commencement of this action, and that such refusal was unjustified, willful, and continued, despite repeated requests from the plaintiff for resumption of sexual relations (*see Gonzalez v Gonzalez,* 262 AD2d 281 [1999]; *Silver v Silver,* 253 AD2d 756 [1998]; *Tissot v Tissot,* 243 AD2d 462 [1997]; *Kalinich v Kalinich,* 205 AD2d 736 [1994]).

The distributive award of 70% of the marital assets to the plaintiff was a provident exercise of discretion (*see* Domestic Relations Law § 236 [B] [5] [d]). The credible evidence adduced at the hearing established that while the parties were married for a considerable period, approximately 33 years, and although the defendant devoted significant time to the parties' two daughters' educational and athletic activities during most of that time, the defendant refused to work, against the plaintiff's wishes, despite being skilled in the computer field and otherwise gainfully employable. Moreover, the plaintiff was the sole wage earner,

and the plaintiff also performed substantially all of the usual and customary housekeeping duties and was evenly involved with the upbringing of the children, while the defendant's contribution to the marriage was minimal (*see Balsamo v Balsamo,* 200 AD2d 649 [1994]; *Palmer v Palmer,* 156 AD2d 651, 652 [1989]; *Whispell v Whispell,* 144 AD2d 804 [1988]).

The defendant contends that the Supreme Court improperly awarded him rehabilitative maintenance in the sum of only $1,000 per month until July 2003, as opposed to life-time maintenance for a much larger amount, due to, inter alia, his age, alleged poor health, claimed incapability of becoming self-supporting, and the plaintiff's superior financial position. However, the amount and duration of maintenance is a matter committed to the sound discretion of the trial court, and every case must be determined on its own unique facts (*see* Domestic Relations Law § 236 [B] [6] [a]; *Gulotta v Gulotta,* 215 AD2d 724 [1995]; *Feldman v Feldman,* 194 AD2d 207, 217-218 [1993]; *Sperling v Sperling,* 165 AD2d 338, 341 [1991]). The factors to be considered in awarding maintenance include "the standard of living of the parties during the marriage, the income and property of the parties, the distribution of marital property, the duration of the marriage, the health of the parties, the present and future earning capacity of both parties, the ability of the party seeking maintenance to become self-supporting, and the reduced or lost lifetime earning capacity of the party seeking maintenance" (*Kret v Kret,* 222 AD2d 412, 412 [1995]; *see* Domestic Relations Law § 236 [B] [6] [a]). Taking these factors into consideration, the Supreme Court providently exercised its discretion in granting the defendant maintenance to the limited extent indicated herein, since, inter alia, there was little to no evidence regarding the parties' preseparation standard of living or any evidence regarding the defendant's needs, the defendant, who has a college education and worked during the early years of the marriage, has the skills for gainful employment in the computer field in which he worked following the parties' physical separation, and despite having been awarded only 30% of the marital property, the actual amount of his distributive award is relatively high.

However, we agree with the defendant's contention that the Supreme Court erred in directing that the plaintiff's "outstanding legal fees . . . and those fees paid previously from her separate property . . . be paid to plaintiff's counsel and reimbursed to plaintiff, respectively, from the marital assets prior to the distribution to the parties." This provision effectively made the defendant, the nonmonied spouse, pay a substantial portion of the

counsel fees of the monied spouse, the plaintiff who is worth over $1 million, in violation of Domestic Relations Law § 237 and, therefore, was improper (*see generally O'Shea v O'Shea,* 93 NY2d 187 [1999]; *Charpié v Charpié,* 271 AD2d 169 [2000]; *Matwijczuk v Matwijczuk,* 261 AD2d 784 [1999]; *Steinmetz v Steinmetz,* 98 AD2d 657 [1983]).

The defendant's remaining contentions are without merit. Santucci, J.P., Krausman, Mastro and Skelos, JJ., concur.