In an action for a divorce and ancillary relief, the plaintiff appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Nassau County (Gartenstein, J.H.O.), entered April 30, 2009, as, upon a decision of the same court dated October 29, 2008, made after a nonjury trial, (a) awarded monthly maintenance to the defendant in the sum of $4,533, (b) directed him to pay monthly carrying costs for the marital residence in the sum of $10,467, and (c) awarded the defendant exclusive occupancy of the marital residence, with all three of these awards to continue, in effect, until the last of the parties’ children reaches her majority or is sooner emancipated, (d) awarded the defendant annual child support in the sum of $24,800, (e) awarded the defendant an attorney’s fee, and (f) equitably distributed the marital property.
Ordered that the judgment is modified, on the law, on the facts, and in the exercise of discretion, (1) by deleting from the third and fifth decretal paragraphs thereof the provisions directing, in effect, that the awards shall continue until the last of the parties’ children reaches her majority or is sooner emancipated, and substituting therefor provisions directing that those awards shall continue until December 31st of the year in which the par *539 ties’ second oldest daughter, Elaine, shall graduate from high school or the marital residence is sold, whichever shall occur sooner, (2) by deleting the fourth decretal paragraph thereof and substituting therefor the following decretal paragraph: “Ordered and adjudged that the marital residence shall be sold no later than December 31st of the year in which the parties’ second oldest daughter, Elaine, shall graduate from high school and the net proceeds, after deducting a $50,000 credit to the plaintiff for his contribution of separate property, shall be distributed 60% to the defendant and 40% to the plaintiff, unless the defendant fails to fully cooperate with the sale, in which case the parties shall share in the net proceeds equally; in either instance the defendant shall remain obligated to pay to the plaintiff $84,854 from her share of the net proceeds; and it is further,” (3) by adding to the fifth decretal paragraph thereof a provision that, on the first day of the month subsequent to the sale of the marital residence, and the first day of each month thereafter, the plaintiff shall pay to the defendant the sum of $7,500 per month as maintenance, such payments to continue until July 22, 2019, when the parties’ youngest daughter, Allaire, shall reach her majority, (4) by adding to the sixth decretal paragraph thereof a provision directing that subsequent to the sale of the marital residence, the plaintiff shall pay child support as required by the Child Support Standards Act (Domestic Relations Law § 240), and (5) by adding to the seventh decretal paragraph thereof a provision directing that the plaintiff shall pay 100% of the children’s unreimbursed medical expenses, and any and all other high school and college expenses for each child until they are emancipated; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements.
The parties were married in 1986 and have four daughters: the oldest, Katherine, born xxx/xx/1994; Elaine, born xxx/xx/ 1995; Elizabeth, born xxx/xx/1997; and Allaire, born xxx/xx/ 1998. The plaintiff commenced this matrimonial action on January 15, 2003. At the time of the trial in May 2008, Katherine was in the eighth grade, Elaine was in the seventh grade, Elizabeth was in the fifth grade, and Allaire was in the fourth grade, all attending a private school.
The parties’ issues as to custody and visitation were settled by a so-ordered stipulation dated May 10, 2006, in which the defendant was awarded residential custody with liberal visitation to the plaintiff. The remaining issues as to finances were tried before Judicial Hearing Officer Stanley Gartenstein, resulting in the judgment appealed from.
The parties have enjoyed a relatively lavish lifestyle during *540 their marriage. The proof at trial showed that this lifestyle was supported mainly by the plaintiffs income from his family trust funds as well as payments, gifts, or forgiven loans from his mother, all continuing regularly throughout the course of the marriage. This enabled the parties, inter alia, to send their children to private school, to renovate and keep the marital residence, and to enjoy vacations at the family compound in Cape Cod and the family home in Delaware. While there was some additional income from the plaintiffs architectural practice, it was clearly insufficient to allow the parties to live in the style to which they had become accustomed. Furthermore, the defendant has not had a full-time job during the marriage, nor has she earned more than $5,000 per year since the children were born.
The initial award of maintenance, as well as the award to the defendant of the exclusive occupancy of the marital residence and the direction to the plaintiff that he pay all the carrying costs for the marital residence, in effect, until at the latest, the marital residence was sold, was a provident exercise of discretion (see Hathaway v Hathaway, 16 AD3d 458, 460 [2005]; Friedman v Friedman, 309 AD2d 830 [2003]; Maggi v Maggi, 303 AD2d 650 [2003]; see also Shurka v Shurka, 68 AD3d 488 [2009]; Warshaw v Warshaw, 169 AD2d 408 [1991]). However, under the circumstances of this case, it was an improvident exercise of discretion to delay the sale of the marital residence until the parties’ youngest child reaches her majority or is sooner emancipated. Instead, an appropriate point to balance the disruption that a move will inevitably cause with the financial needs of the parties is to direct that the marital residence be sold by December 31st of the year the parties’ second oldest daughter, Elaine, graduates from high school. At that time, the two oldest children should have graduated from high school and the two youngest children will have at least graduated from grammar school. Therefore, a sale at that point would appropriately balance “the need of the custodial parent to occupy the marital residence . . . against the financial need of the parties” (Goldblum v Goldblum, 301 AD2d 567, 568 [2003]; see Wortman v Wortman, 11 AD3d 604, 606 [2004]; Graziano v Graziano, 285 AD2d 488 [2001]; Waldmann v Waldmann, 231 AD2d 710, 711 [1996]). Furthermore, a more appropriate distribution of the net proceeds of the sale would be 60% to the defendant and 40% to the plaintiff, if the defendant fully cooperates in effectuating the sale. If not, the distribution of the net proceeds shall be split equally. In either instance, the defendant will remain obligated to pay the sum of $84,854 to the plaintiff from her share of the net proceeds for her failure to cooperate with regard to the filing of a prior tax return.
*541 After the marital residence is sold, considering “the standard of living of the parties during the marriage, the income and property of the parties, the distribution of marital property, the duration of the marriage, the health of the parties, the present and future earning capacity of both parties, the ability of the party seeking maintenance to become self-supporting, and the reduced or lost lifetime earning capacity of the party seeking maintenance” (Hathaway v Hathaway, 16 AD3d at 460 [internal quotation marks omitted]; see Domestic Relations Law § 236 [B] [6] [a]), an adjustment in the maintenance to the sum of $7,500 per month, to be paid to the defendant until the parties’ youngest child, Allaire, reaches the age of 21 on xxx/xx/2019, is appropriate.
Additionally, after the sale of the marital residence, the child support payable by the plaintiff must also be adjusted to reflect the fact that a portion of the prior payment for housing costs was, in effect, child support. Accordingly, after the sale of the marital residence, the plaintiff must pay the defendant child support in accordance with the Child Support Standards Act (Domestic Relations Law § 240 [1-b]). If the parties cannot agree as to what the proper amount of child support required thereunder is, either or both of them may apply to the appropriate court for the recalculation of that obligation. We note that the Supreme and Family Court retain concurrent jurisdiction in this matter.
We also note that, by the terms of the seventh decretal paragraph of the judgment of divorce, the plaintiff still remains responsible for payment of 100% of various expenses of the children including, inter alia, their tuition through college. That also includes, among other things, payment of room and board, and other college expenses.
The parties’ remaining contentions are without merit. Rivera, J.E, Florio, Miller and Austin, JJ., concur.