(March 9, 2016)

■ RAMIN ABIZADEH, Appellant, v GALIT ABIZADEH, Respondent. [26 NYS3d 788]—

Appeals from (1) an order of the Supreme Court, Nassau County (Hope Schwartz Zimmerman, J.), dated July 12, 2013, and (2) a judgment of divorce of that court entered May 28, 2014. The order, insofar as appealed from, denied the plaintiff's motions for a downward modification of his pendente lite maintenance and child support obligations, respectively. The judgment, insofar as appealed from, upon the order, inter alia, failed to downwardly modify the plaintiff's pendente lite maintenance and child support obligations, directed the plaintiff to pay child support in the sum of $4,009 per month, directed the plaintiff to pay the marital debt currently in his name, and failed to include a provision equitably distributing the value of the defendant's jewelry.

Ordered that the appeal from the order is dismissed, without costs or disbursements; and is further,

Ordered that the judgment is affirmed insofar as appealed from, without costs or disbursements.

The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (see Matter of Aho, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are

brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

The parties, who were married in 1995, have three children. The plaintiff commenced this action for a divorce and ancillary relief in November 2009. In early 2010, the Supreme Court awarded the defendant pendente lite relief. The plaintiff subsequently filed motions to modify the relief and to correct a mistake of fact he contended that the court had made in determining the pendente lite relief. Those motions were referred to the trial court. After a nonjury trial, the court issued an order as to all outstanding issues, and it entered a judgment of divorce incorporating its determinations. The plaintiff appeals from specified portions of the order and the judgment.

Insofar as the record permits review of the plaintiff's contention that the Supreme Court erred in denying his motions for downward modification of the child support and maintenance components of the pendente lite relief, we find no basis to disturb the Supreme Court's determination.

The Supreme Court's determination of the issues of child support and equitable distribution are supported by the record. A court need not rely upon a party's own account of his or her finances, but may impute income based upon, among other things, the party's past income, demonstrated future potential earnings, educational background, or money received from friends and relatives (*see Mosso v Mosso*, 84 AD3d 757, 758-759 [2011]). Where a party's account is not credible, the court may impute an income higher than that claimed (*see Lilikakis v Lilikakis*, 308 AD2d 435, 436 [2003]). Here, the court imputed income to both parties based on, among other things, its well-supported findings that the parties were not credible and that the documentary evidence they submitted was unconvincing, as well as the evidence at trial regarding the parties' receipt of income from other sources, including family members (*see Braunstein v Braunstein*, 132 AD3d 620, 624 [2015]; *DiPalma v DiPalma*, 112 AD3d 663, 664-665 [2013]; *Maggi v Maggi*, 303 AD2d 650, 651 [2003]; *Matter of Zhigina v Adzhiashvili*, 292 AD2d 625, 625 [2002]). Additionally, contrary to the plaintiff's contention, the court adequately stated the basis for its imputation of income with respect to him (*see Dougherty v Dougherty*, 131 AD3d 916, 917-918 [2015]; *Maggi v Maggi*, 303 AD2d at 651). The court's discretionary determinations as to child support and equitable distribution, including as to marital debt, are supported by the record (*see Turco v Turco*, 117 AD3d 719, 722 [2014]; *cf. Alleva v Alleva*, 112 AD3d 567, 569 [2013]). Balkin, J.P., Hall, Roman and Maltese, JJ., concur.