■ KATHRYN McILVAINE VAN DOOD, Respondent, v KENNETH VAN DOOD, Appellant. [36 NYS3d 718]—

Appeal by the defendant from stated portions of a judgment of divorce of the Supreme Court, Suffolk County (Carol B. MacKenzie, J.), entered December 16, 2013. The judgment, insofar as appealed from, upon a decision of that court dated August 14, 2013, made after a nonjury trial, awarded the plaintiff (a) sole title to the marital residence, (b) $50,000 for the defendant's wasteful dissipation of assets, and (c) $20,000 as her share of the proceeds from the sale of certain marital property located in Costa Rica.

Ordered that the judgment is reversed insofar as appealed from, on the law and the facts, without costs or disbursements, and the matter is remitted to the Supreme Court, Suffolk County, for a new trial on the issue of equitable distribution of marital property, to be followed by new determinations as to maintenance and child support, and the entry of an appropriate amended judgment thereafter.

The parties were married on October 8, 1995 and have three children together. The plaintiff commenced this action for a divorce and ancillary relief in January 2012. After a nonjury trial on the issue of equitable distribution of marital property, the Supreme Court, inter alia, awarded the plaintiff sole title to the marital residence "in part as recompense for the defendant's diversion of $400,000," directed the defendant to pay the plaintiff "$50,000 representing one-half of the monies which this Court has determined were dissipated by the defendant," and directed the defendant to pay $20,000 to the plaintiff, representing one half of the proceeds from the sale of certain assets located in Costa Rica. The husband appeals.

We remit the matter for a new trial on the issue of equitable distribution of marital property. Although the parties came forward with a paucity of evidence regarding the value of the marital residence, the Supreme Court was nevertheless required to determine the value of the property before awarding sole title to the plaintiff. "A determination must be made as to the net value of each asset before determining the distribution thereof" (*D'Amato v D'Amato*, 96 AD2d 849, 850 [1983]; *see Brevilus v Brevilus*, 41 AD3d 630, 631 [2007]). In circumstances where proof of value is insufficient to make a determination, the court has discretion to, among other things, appoint a neutral appraiser and to direct that such appraiser be paid by one or both parties (*see e.g. McDicken v McDicken*, 109 AD2d 734, 735 [1985]). Further, the court erred in failing to value and equitably distribute the defendant's investment in a rental property located in North Carolina and the parties' remaining interest in property located in Costa Rica.

Additionally, while there was some evidence that the defendant wastefully dissipated some portion of $400,000 in loan proceeds that the parties obtained by mortgaging an investment property (*see* Domestic Relations Law § 236 [B] [5] [d] [12]; *Epstein v Messner*, 73 AD3d 843, 846 [2010]; *see also Abrams v Abrams*, 57 AD3d 809, 810 [2008]; *Harrell v Harrell*, 120 AD2d 565 [1986]), the record does not support the Supreme Court's determination that the defendant dissipated or diverted the entire $400,000. Moreover, that determination was

inconsistent with the court's award to the plaintiff of the sum of $50,000, which the court recited represented one half of the amount it had determined was dissipated by the defendant.

Further, with respect to the $40,000 in proceeds from the sale of a portion of the parties' Costa Rica investment, the plaintiff did not claim in her trial testimony that the defendant wastefully dissipated that sum, and the defendant testified that these proceeds were used to pay marital expenses during the marriage. In the absence of a finding that this property was sold after the date of commencement of this action, or that the defendant dissipated or otherwise wrongfully retained the proceeds of the sale, it was error to direct the defendant to pay one half of those proceeds to the plaintiff.

Under these circumstances, the matter must be remitted for a new trial on the issue of equitable distribution of marital property. Since the Supreme Court's maintenance and child support determinations were based, in part, upon its equitable distribution determination, at the conclusion of the new trial, the court shall additionally make new determinations as to maintenance and child support. Mastro, J.P., Cohen, Connolly and Brathwaite Nelson, JJ., concur.