■ ELENA RUDISH, Respondent, v RANDY RUDISH, Appellant. [56 NYS3d 191]—

Appeal by the defendant from stated portions of a judgment of divorce of the Supreme Court, Suffolk County (John B. Collins, J.), entered October 1, 2014. The judgment of divorce, upon a decision of that court dated February 27, 2014, made after a nonjury trial, inter alia, awarded the plaintiff child support, made an equitable distribution of the parties' marital assets, and failed to award the defendant a credit for the plaintiff's sale of a vehicle alleged to be his separate property.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

The parties were married in 1995, and have two children together. In August 2010, the plaintiff commenced this action for a divorce and ancillary relief. Thereafter, in February 2012, the parties entered into a stipulation resolving the grounds of divorce and the issue of custody of the children. After a nonjury trial on the issues of child support and equitable distribution, the Supreme Court imputed income to the defendant in the sum of $65,000 per year and awarded child support to the plaintiff based on that sum. The court also found that each party had removed "relatively equal" amounts of money from their joint accounts, and for purposes of equitable distribution directed that each party would keep the sums they had removed. The court did not make a distribution of a sailboat owned by the parties or the contents of the marital home, and

did not compensate the defendant for a vehicle which had been purchased by him prior to the marriage and sold by the plaintiff after the commencement of the action. The defendant appeals from stated portions of the judgment of divorce entered on the court's decision.

The Supreme Court's determination of the issue of child support is supported by the record. In determining a party's child support obligation, the court "need not rely upon a party's own account of his or her finances, but may impute income based upon, among other things, the party's past income, demonstrated future potential earnings, educational background, or money received from friends and relatives" (*Abizadeh v Abizadeh*, 137 AD3d 824, 825 [2016]; *see Repetti v Repetti*, 147 AD3d 1094 [2017]; *Horn v Horn*, 145 AD3d 666, 668 [2016]; *Rosenberg v Rosenberg*, 145 AD3d 1052, 1054 [2016]; *Matter of Funaro v Kudrick*, 128 AD3d 695, 696 [2015]; *Baumgardner v Baumgardner*, 98 AD3d 929, 930 [2012]). Where a party's testimony regarding his or her finances is not credible, the court is justified in finding a true or potential income higher than that claimed (*see Castello v Castello*, 144 AD3d 723, 725 [2016]; *Abizadeh v Abizadeh*, 137 AD3d at 825; *Baumgardner v Baumgardner*, 98 AD3d at 930; *Mosso v Mosso*, 84 AD3d 757, 759 [2011]; *Khaimova v Mosheyev*, 57 AD3d 737, 737-738 [2008]). The court has considerable discretion in determining whether income should be imputed to a party, and the court's credibility determinations are afforded deference on appeal (*see Castello v Castello*, 144 AD3d at 725; *Matter of Funaro v Kudrick*, 128 AD3d at 696; *Siskind v Siskind*, 89 AD3d 832, 834 [2011]; *Khaimova v Mosheyev*, 57 AD3d at 737-738).

Here, although the defendant testified that stress, depression, and anxiety impeded his ability to work, he presented no medical evidence to substantiate these claims. The defendant also failed to meet his burden of establishing that he diligently sought to obtain employment commensurate with his qualifications and abilities (*see DeSouza-Brown v Brown*, 71 AD3d 946, 947 [2010]), and the evidence presented at the trial demonstrated that he had received financial and other assistance from family members and friends (*see Baumgardner v Baumgardner*, 98 AD3d at 931). Accordingly, the Supreme Court properly found that the defendant's assertions that he was incapable of earning income were conclusory and unsupported by the evidence, and providently exercised its discretion in imputing income to him in the sum of $65,000 per year (*see Repetti v Repetti*, 147 AD3d 1094 [2017]; *Horn v Horn*, 145 AD3d at 668; *Rosenberg v Rosenberg*, 145 AD3d at 1054; *Abiza-*

*deh v Abizadeh,* 137 AD3d at 825; *Baumgardner v Baumgardner,* 98 AD3d at 931; *DeSouza-Brown v Brown,* 71 AD3d at 947).

The Supreme Court's determination of the issue of equitable distribution is also supported by the record. "A trial court is vested with broad discretion in making an equitable distribution of marital property, and unless it can be shown that the court improvidently exercised that discretion, its determination should not be disturbed" (*Schwartz v Schwartz,* 67 AD3d 989, 990 [2009] [internal quotation marks omitted]; *see Repetti v Repetti,* 147 AD3d 1094 [2017]; *Maddaloni v Maddaloni,* 142 AD3d 646, 651 [2016]). "A determination must be made as to the net value of each asset before determining the distribution thereof" (*D'Amato v D'Amato,* 96 AD2d 849, 850 [1983]; *see Van Dood v Van Dood,* 142 AD3d 661, 662 [2016]). Equitable distribution does not necessarily require equal distribution (*see Repetti v Repetti,* 147 AD3d 1094 [2017]; *Halley-Boyce v Boyce,* 108 AD3d 503, 504 [2013]).

Here, the Supreme Court's determination that funds removed by each party from their joint bank and brokerage accounts were relatively equal was supported by the evidence adduced during the trial, and its determination that each party should keep the sums withdrawn was not an improvident exercise of discretion. In addition, the defendant failed to establish his entitlement to equitable distribution of the parties' sailboat and the contents of the marital home, as he failed to offer any evidence as to the value of these items (*see Repetti v Repetti,* 147 AD3d 1094 [2017]; *Keil v Keil,* 85 AD3d 1233, 1235 [2011]; *Daisernia v Daisernia,* 188 AD2d 944, 946 [1992]).

The Supreme Court properly declined to award the defendant a credit for the vehicle purchased by him prior to the marriage since he failed to establish its value (*see McLoughlin v McLoughlin,* 63 AD3d 1017, 1019 [2009]; *Daisernia v Daisernia,* 188 AD2d at 946).

The defendant's remaining contention is without merit. Leventhal, J.P., Hall, Hinds-Radix and Brathwaite Nelson, JJ., concur.