Kotsakis v Kotsakis (2019 NY Slip Op 01400)





Kotsakis v Kotsakis


2019 NY Slip Op 01400


Decided on February 27, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 27, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
SHERI S. ROMAN
JEFFREY A. COHEN
FRANCESCA E. CONNOLLY, JJ.


2016-12615
 (Index No. 12888/08)

[*1]Irene Kotsakis, appellant, 
v
Nicholas Kotsakis, respondent.


J. Papapanayotou, Long Island City, NY, for appellant.
Joseph O'Shea, Staten Island, NY, for respondent.



DECISION & ORDER
In an action for a divorce and ancillary relief, the plaintiff appeals from a judgment of divorce of the Supreme Court, Queens County (Margaret Parisi McGowan, J.), entered September 6, 2016. The judgment of divorce, insofar as appealed from, upon a decision of the same court dated May 20, 2016, made after a nonjury trial, awarded the defendant 50% of the proceeds of the sale of timber from the marital property.
ORDERED that the judgment of divorce is affirmed insofar as appealed from, with costs.
The parties were married in 1964. The plaintiff commenced this action for a divorce and ancillary relief in 2008. Following a nonjury trial, the Supreme Court issued a judgment of divorce, which, among other things, awarded the defendant the sum of $50,000, representing 50% of the proceeds of the plaintiff's sale of timber from the parties' approximately 80-acre property in Salem. The plaintiff appeals from that portion of the judgment of divorce.
"A trial court is vested with broad discretion in making an equitable distribution of marital property, and unless it can be shown that the court improvidently exercised that discretion, its determination should not be disturbed' "(Schwartz v Schwartz, 67 AD3d 989, 990, quoting Saleh v Saleh, 40 AD3d 617, 617-618; see Rudish v Rudish, 150 AD3d 1291, 1293). Moreover, where, as here, "the determination as to equitable distribution has been made after a nonjury trial, the trial court's assessment of the credibility of witnesses is afforded great weight on appeal" (Aloi v Simoni, 82 AD3d 683, 685; see Schwartz v Schwartz, 67 AD3d at 990; Ivani v Ivani, 303 AD2d 639, 640). In this case, the Supreme Court providently exercised its discretion in awarding the defendant 50% of the proceeds of the sale of the timber from the marital property. The court credited the testimony at trial indicating that the plaintiff received $100,000 from the sale of the timber after the commencement of the action, and the record reveals no basis to disturb the court's credibility determination (see Bruzzese v Bruzzese, 152 AD3d 563, 566).
MASTRO, J.P., ROMAN, COHEN and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court