■ STEPHEN B. SUTKA, Appellant, v LAURIE E. SUTKA, Respondent. [751 NYS2d 499] —In an action for a divorce and ancillary relief, the plaintiff appeals, as limited by his brief, from stated portions of (1) a decision of the Supreme Court, Dutchess County (Pagones, J.), dated August 31, 2001, and (2) an amended judgment of the same court, dated October 15, 2001, which, after a nonjury trial, inter alia, directed him to pay child support in the sum of $223.36 per week and determined that he is not entitled to an equitable share in the defendant's business.

Ordered that the appeal from the decision is dismissed, as no appeal lies from a decision (see Schicchi v Green Constr. Corp., 100 AD2d 509); and it is further,

Ordered that the amended judgment is affirmed insofar as appealed from, and it is further,

Ordered that one bill of costs is awarded to the defendant.

The Supreme Court properly determined that the plaintiff is not entitled to an equitable share in the defendant's consulting business. On the advice of her accountant, the defendant, a computer programmer, formed a consulting business as a subchapter S corporation for tax purposes and because the businesses she consulted with required her to do so. The defendant formed the corporation in January 1996, and the parties separated in October 1996. The defendant testified that the plaintiff made no financial contribution to her business and did not work there. The plaintiff testified that he performed such tasks as "banking," and "invoices," and made indirect contributions such as looking after their children while the defendant was at work. Even crediting the plaintiff's account, the Supreme Court properly concluded that his contributions were de minimis and did not entitle him to an equitable share of the business (see Duspiva v Duspiva, 181 AD2d 810). In light of that determination, it is not necessary to consider the plaintiff's challenge to the Supreme Court's determination to credit the valuation of the business by the defendant's expert.

The Supreme Court sufficiently articulated the basis for applying the child support percentage of the Child Support Standards Act (see Domestic Relations Law § 240 [1-b] [c], [f]) to the combined parental income over $80,000 (see Cassano v Cassano, 85 NY2d 649, 653; Mellen v Mellen, 260 AD2d 609, 610; Klug v Klug, 258 AD2d 624; Matter of Lo Macchio v Lo Macchio, 247 AD2d 539).

The plaintiff's remaining contentions are without merit. Ritter, J.P., Friedmann, H. Miller and Cozier, JJ., concur.