Lyubov Khaimova, Respondent, v Aleksandr Mosheyev, Appellant. [871 NYS2d 212]—

The defendant husband represented to the Supreme Court that his annual income was $12,000. Based upon his testimony and an examination of his tax returns and sworn expenses from his statement of net worth, which indicated that he had monthly expenses as great as $6,000, the court concluded that his testimony regarding his yearly income was disingenuous. The court imputed an annual income to the defendant in the sum of $30,000, based upon his financial documentation and significant expenses in excess of his purported income.

The defendant's contention that the Supreme Court improperly imputed income to him in determining his child support obligation is without merit. "In determining a parent's child support obligation, [the Supreme] Court is not required to rely upon the party's own account of his or her finances, and may impute income based on that party's past income or demonstrated earning potential" (*Matter of Moran v Grillo,* 44 AD3d 859, 861 [2007]; *see Matter of Strella v Ferro,* 42 AD3d 544, 546 [2007]; *DeVries v DeVries,* 35 AD3d 794, 795 [2006]).

In the instant case, the defendant's financial documentation indicated that his monthly income was only one sixth of his stated monthly expenses and no evidence was submitted to show that these monthly expenses were not being paid in a timely manner. The factfinder's determination concerning the imputation of income to an obligor spouse is almost always based on

the resolution of credibility, and therefore, is given great deference on appeal (*see Matter of Strella v Ferro*, 42 AD3d 544 [2007]). The Supreme Court did not improvidently exercise its discretion in imputing income to the defendant for the purpose of calculating his child support obligation, based upon his financial documentation (*see Matter of Barnett v Ruotolo*, 49 AD3d 640 [2008]).

The defendant's contention that the Supreme Court erred in mandating the sale of the parties' marital cooperative is not properly before this Court on the instant appeal since the Supreme Court directed the sale in a prior order dated April 4, 2006, from which no appeal was taken. Rivera, J.P., Angiolillo, Eng and Belen, JJ., concur.