■ Diane Paul, Respondent, v Robert Paul, Appellant. [888 NYS2d 198]—In an action for a divorce and ancillary relief, the defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Westchester County (Jamieson, J.), entered June 3, 2008, as denied those branches of his cross motion which were, inter alia, for a downward modification of his maintenance and child support obligations.

Ordered that the order is affirmed insofar as appealed from, with costs.

Pendente lite awards of child support and maintenance should reflect an accommodation between the reasonable needs of the moving spouse and the financial ability of the other spouse, with due regard for the parties' pre-separation standard of living (*see Swickle v Swickle*, 47 AD3d 704 [2008]; *Miller v Miller*, 24 AD3d 521 [2005]). Modifications of pendente lite child support and maintenance should rarely be made by an appellate court, and then only under exigent circumstances, such as when a party is unable to meet his or her financial obligations, or when justice otherwise requires (*see Brooks v Brooks*, 30 AD3d 363, 364 [2006]; *Fruchter v Fruchter*, 29 AD3d 942, 944 [2006]; *DeVerna v DeVerna*, 4 AD3d 323, 324 [2004]). Consequently, any perceived inequities in pendente lite child support and maintenance can best be remedied by a speedy trial, at which the parties' financial circumstances can be fully explored (*see Susskind v Susskind*, 18 AD3d 536, 537 [2005]; *Najac v Najac*, 12 AD3d 579 [2004]).

Applying these considerations, we conclude that the pendente

lite awards of child support and maintenance here were proper under the circumstances, and should not be disturbed on appeal. Since the Supreme Court did not apply the Child Support Standards Act (Domestic Relations Law § 240 [1-b]) in fixing pendente lite child support, the husband's contention that the Supreme Court erred in directing him to pay both pendente lite child support and the carrying charges on the marital residence, on the ground that the imposition of these two obligations upon him resulted in an award of a double shelter allowance to the wife, is without merit (*see Otto v Otto,* 13 AD3d 503 [2004]; *see also Ayoub v Ayoub,* 63 AD3d 493, 497 [2009]). Additionally, he failed to demonstrate that the pendente lite awards rendered him unable to meet his financial obligations. Moreover, the record supports an inference that his income is considerably higher than represented (*see Piali v Piali,* 247 AD2d 455, 456 [1998]).

Contrary to the husband's contentions, the Supreme Court properly imputed income to him in the sum of $200,000, based upon his past income (*see Matter of Apgar v Apgar,* 37 AD3d 598, 599 [2007]; *Bernstein v Bernstein,* 18 AD3d 683, 684 [2005]). Moreover, he failed to satisfy his burden of establishing that he had diligently sought to obtain new employment commensurate with his qualifications and experience (*see Matter of Piernick v Nazinitsky,* 48 AD3d 690 [2008]; *Matter of Fragola v Alfaro,* 45 AD3d 684, 685 [2007]).

The husband's remaining contentions are either without merit or improperly raised for the first time on appeal. Dillon, J.P., Miller, Angiolillo and Dickerson, JJ., concur.