■ Sonia DeSouza-Brown, Respondent, v David Brown, Appellant. [897 NYS2d 228]—

In an action for a divorce and ancillary relief, the defendant appeals, as limited by his brief, from stated portions of a judgment of the Supreme Court, Nassau County (Falanga, J.), entered June 19, 2008, which, upon a decision of the same court (Friedenberg, J.H.O.), dated February 20, 2008, made after a nonjury trial, inter alia, awarded the plaintiff a separate property credit of $162,417, awarded him only a 35% interest in the marital residence, directed that the parties each have sole title to any pension or retirement interests in his or her possession, imputed annual income to him of $100,000, directed him to pay child support in the sum of $1,923 per month for the parties' two minor children until the emancipation of the older child, and, inter alia, awarded the plaintiff an attorney's fee in the sum of $20,000.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

Notwithstanding the long duration of the parties' marriage, there is no requirement that the distribution of each item of marital property be made on an equal basis (*see Peritore v Peritore*, 66 AD3d 750, 752-753 [2009]; *Griggs v Griggs*, 44 AD3d 710, 713 [2007]). In this case, the Supreme Court providently exercised its discretion in fashioning an equitable distribution award of a 65% interest in the marital residence to the plaintiff and a 35% interest thereof to the defendant (*see generally Loria v Loria*, 46 AD3d 768, 769-770 [2007]). The Supreme Court considered the applicable statutory factors in formulating its equitable distribution award (*see* Domestic Relations Law § 236 [B] [5] [d]; *Holterman v Holterman*, 3 NY3d 1, 7-8 [2004]). Moreover, the Supreme Court correctly awarded the plaintiff a separate property credit of $162,417, and correctly determined that the parties shall retain their respective pension and retirement accounts. The Supreme Court providently exercised its discretion in evaluating the credibility of the witnesses in making its equitable distribution determination after a nonjury trial, and the Supreme Court's assessment of the

credibility of the witnesses is entitled to great weight on appeal (*see Schwartz v Schwartz,* 67 AD3d 989, 990 [2009]). We decline to disturb the Supreme Court's determination on appeal.

The Supreme Court is not required to rely upon a party's account of his or her finances (*see Khaimova v Mosheyev,* 57 AD3d 737 [2008]; *Ivani v Ivani,* 303 AD2d 639 [2003]). In determining an award of child support, the Supreme Court "may depart from a party's reported income and impute income based on the party's past income or demonstrated earning potential" (*Mongelli v Mongelli,* 68 AD3d 1070, 1071 [2009]). Such a determination must be grounded in law and fact (*id.*). Here, the defendant's expenses listed in his "Statement of Net Worth" far exceeded his income as reported in his tax returns. He lived in a two-bedroom apartment which rented for $2,340 per month in a luxury apartment building. Under the circumstances presented here, the Supreme Court correctly imputed annual income of $100,000 to the defendant (*see Khaimova v Mosheyev,* 57 AD3d at 737-738; *Powers v Wilson,* 56 AD3d 639, 641 [2008]; *Ivani v Ivani,* 303 AD2d at 639-640). Moreover, the defendant, who had been employed for 12 years by a major bank when his job was eliminated, failed to satisfy his burden of establishing that he diligently sought to obtain new employment commensurate with his qualifications and experience (*see Paul v Paul,* 67 AD3d 757, 758 [2009]).

The Supreme Court properly awarded the plaintiff an attorney's fee, based on the relative financial circumstances of the parties and the relative merits of their positions at trial (*see* Domestic Relations Law § 237 [a], [d]; *O'Shea v O'Shea,* 93 NY2d 187, 193-194 [1999]; *DeCabrera v Cabrera-Rosete,* 70 NY2d 879, 881-882 [1987]; *Powers v Wilson,* 56 AD3d at 641; *Schek v Schek,* 49 AD3d 625, 626 [2008]; *Griggs v Griggs,* 44 AD3d 710, 714 [2007]).

The defendant's remaining contentions are without merit. Covello, J.P., Miller, Dickerson and Belen, JJ., concur.