■ In the Matter of LISA MACARI, Respondent, v HECTOR MARICHAL, Appellant. [920 NYS2d 731]—

In a proceeding, in effect, pursuant to Family Court Act article 4 for child support and related relief, the father appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Buetow, Ct. Atty. Ref.), dated September 2, 2009, as, after a nonjury trial, imputed to him an income of $125,000 per year, failed to deduct from that imputed income the amount he was obligated to pay in support of his children from his former marriage, directed him to obtain a life insurance policy for the irrevocable benefit of the parties' children in the sum of $400,000 until the older child reaches the age of 21 or is sooner emancipated, and thereafter in the sum of $200,000 until the younger child reaches the age of 21 or is sooner emancipated, and directed him to pay 60% of the private school expenses for the parties' children.

Ordered that the order is affirmed insofar as appealed from, with costs.

In determining the amount of child support that a parent must pay under the Child Support Standards Act, the factfinder is not required to rely on a party's own account of her or his finances, and may impute income based on that party's past income or demonstrated earning potential (*see e.g. DeSouza-Brown v Brown*, 71 AD3d 946, 947 [2010]; *Khaimova v Mosheyev*, 57 AD3d 737 [2008]; *Matter of Moran v Grillo*, 44 AD3d 859, 861 [2007]; *Matter of Strella v Ferro*, 42 AD3d 544, 545-546 [2007]; *Matter of Apgar v Apgar*, 37 AD3d 598, 599 [2007]; *Matter of Talero v Talero*, 1 AD3d 522, 523 [2003]; *Ivani v Ivani*, 303 AD2d 639 [2003]). Under the circumstances, the Supreme Court properly imputed an income of $125,000 to the father (*see Matter of Strella v Ferro*, 42 AD3d at 546).

In calculating the father's child support obligation, the Supreme Court did not err in failing to deduct, from his income, the amount he was obligated to pay for support of his children from his former marriage (*see Curran v Curran*, 2 AD3d 391, 392 [2003]).

The Supreme Court properly directed the father to obtain a life insurance policy for the benefit of the children until the emancipation of each child (*see Lueker v Lueker*, 72 AD3d 655, 658 [2010]; *Matter of Moran v Grillo*, 44 AD3d at 861).

Under the circumstances, the Supreme Court did not improvidently exercise its discretion in directing the father to contribute, in proportion to his pro rata share of the combined parental income, to the private school expenses of the children (*see Chan v Chan*, 267 AD2d 413, 414 [1999]; *Manno v Manno*, 196 AD2d 488 [1993]; *cf. Matter of Cassano v Cassano*, 203 AD2d 563 [1994], *affd on other grounds* 85 NY2d 649 [1995]).

The father's remaining contentions are without merit. Rivera, J.P., Angiolillo, Eng and Sgroi, JJ., concur.