In the Matter of SHIRLEY J. BOUIE, Respondent, v CHRISTOPHER M. JOSEPH, Appellant. [936 NYS2d 276]—

The mother and the father are the parents of a child born on June 11, 1991. The father had been paying $100 per month in child support since October 22, 2007. In August 2008, the mother filed a petition seeking an upward modification of the father's child support payments, and the father filed a cross petition seeking a downward modification. At a hearing, the evidence demonstrated that, shortly after the court ordered the

father to pay $100 per month in October of 2007, he began receiving social security disability benefits of $1,524 per month. He was also receiving Veterans Affairs benefits of $816 per month and unemployment benefits of $405 per month at that time.

In a fact-finding order dated February 22, 2010, the Support Magistrate found that the father's child support obligation of $100 per month had been based on his representation that he earned no income and received no benefits. The Support Magistrate further found that the father began receiving a total of $2,745 per month in benefits immediately after his child support obligation was set at $100. In an order dated February 23, 2010, the Support Magistrate granted the mother's petition for an upward modification in child support in the sum of $400.95 per month, and denied the father's cross petition for a downward modification. In an order dated May 7, 2010, the Family Court denied the father's objections to the order modifying his support obligation. The father appeals, and we affirm.

The party seeking modification of a support order has the burden of establishing the existence of a substantial change in circumstances warranting the modification (*see Matter of Nieves-Ford v Gordon,* 47 AD3d 936 [2008]). A court need not rely upon a party's own account of his or her finances, but may impute income based upon the party's past income or demonstrated future potential earnings (*see Brown v Brown,* 239 AD2d 535 [1997]). The court may impute income to a party based on his or her employment history, future earning capacity, educational background, or money received from friends and relatives (*see Matter of LoCasto v Chiofolo,* 89 AD3d 847 [2011]; *Matter of Collins v Collins,* 241 AD2d 725, 727 [1997]). Where a party's account of his or her own finances is not believable, the court may find a true or potential income higher than the income claimed (*see Matter of Rohme v Burns,* 79 AD3d 756, 757 [2010]; *Lilikakis v Lilikakis,* 308 AD2d 435, 436 [2003]). Here, based on the father's prior representation that he received no government benefits, and on the evidence that he began receiving $2,745 per month in benefits immediately after his support obligation was set at only $100 per month, the Family Court properly granted the mother's petition for an upward modification and denied the father's cross petition for a downward modification.

Contrary to the father's contention, the Family Court correctly declined to credit social security disability benefits paid directly to the child against his child support obligation (*see Matter of Graby v Graby,* 87 NY2d 605, 607 [1996]; *Matter of*

*Jones v Smith*, 59 AD3d 546, 547 [2009]). Florio, J.P., Belen, Roman and Sgroi, JJ., concur.