*549 In an action for a divorce and ancillary relief, the plaintiff appeals, as limited by her brief, from stated portions of a judgment of the Supreme Court, Westchester County (Tolbert, J.), entered July 19, 2011, which, upon a decision of the same court dated December 22, 2009, made after a nonjury trial, inter alia, failed to award her spousal maintenance and counsel fees.
Ordered that the judgment is affirmed insofar as appealed from, with costs.
The plaintiff and the defendant were married for more than 30 years, during which time the defendant worked as a church minister. The parties have four children, only one of whom was a minor at the time the trial in this divorce action was commenced. In a pendente lite order, the defendant was directed, inter alia, to pay child support, to satisfy child support arrears in the amount of $14,400, to maintain health insurance for the plaintiff and the parties’ minor child, and to reimburse the plaintiff for certain educational costs for their two daughters.
At trial, the plaintiff testified that the defendant was the main breadwinner of the family and that, although she had a Master’s degree and had worked towards two separate doctorate degrees, she worked for only three years during the course of the marriage. She also testified that the parties had borrowed more than $75,000 from her aunt, Gloria Ewsuk, although the parties did not execute a promissory note or other documentation confirming the loan. The parties also borrowed $40,000 from the plaintiffs mother, Kathleen Petrochko, and received $50,000 from the defendant’s mother, Zoya Carr-Harris (hereinafter Zoya). The plaintiff claimed that, although the parties executed a promissory note for the sums received from Zoya, the principal amount was a gift and the parties were obligated only to repay $20,000 in interest, of which $17,000 had been repaid.
The plaintiff filed several motions for contempt against the defendant, alleging that he had violated a pendente lite order by failing to pay, among other things, the health insurance premiums for her and the minor child. In addition, the plaintiff testified that the defendant failed to make child support payments, failed to reimburse her for certain college expenses for the two daughters, and failed to reimburse the plaintiff for, inter alia, out-of-pocket health care expenses and expenses she incurred in readying the marital home for sale. The plaintiff also sought an award of spousal support and counsel fees. Toward the end of the trial, the plaintiff admitted that she signed *550 confessions of judgment in favor of various family members and friends, claiming that these individuals had loaned her money during the marriage and during the divorce proceedings and that she wished to ensure that the lenders would be repaid.
The defendant claimed that the sums received from Ewsuk were gifts and that he never had any direct discussions with Ewsuk regarding the alleged loans. In addition, he acknowledged that the parties borrowed $40,000 from Petrochko, which they agreed to pay back with interest. He also claimed that the entire sum received from Zoya was a loan, and the parties were obligated to repay the principal and accumulated interest. He acknowledged that he was obligated to pay the child support arrears.
After trial, in December 2009, the Supreme Court found that the sums received from Ewsuk were gifts, as there was no documentary evidence to support the claim that the sums were intended to be loans. Moreover, the Supreme Court determined that the parties owed $70,000 to Petrochko, $50,000 to Zoya, and $21,000 to the three nonminor children, reflecting the sums the parties had borrowed from their children in order to make a down payment for the purchase of the marital home. The Supreme Court determined that, although the defendant failed to comply with the pendente lite order, his failure to do so was not willful. Further, the Supreme Court found that the plaintiff was not entitled to reimbursement of the cost of repairs to the marital residence, as her proof on this point was insufficient.
The Supreme Court ordered the sale of the marital home and determined that the parties should share equally in the proceeds after payment of all loans and expenses other than the liens that the plaintiff unilaterally placed on the home in favor of her family and friends. The Supreme Court imputed an income of $40,000 to the plaintiff, noting that she was highly educated and had not worked to her potential. The Supreme Court found that the defendant, who was now working as a public school teacher, had an income of $54,000. Based on these amounts, the court ordered the defendant to pay $705.91 per month in child support and determined that the parties would share in the cost of statutory add-ons, with the defendant being liable for 57% of such expenses. In addition, the court ordered the defendant to maintain health insurance for the minor child until he reached the age of 21, ordering the parties to share the cost of unreimbursed medical expenses with the defendant paying 57% of such costs.
The defendant was also ordered to pay child support arrears from his share of the proceeds of the sale of the marital resi *551 dence. The Supreme Court found both parties at fault for the litigious nature of the proceedings and determined that the parties were equally situated, as both were in the process of beginning new careers. Thus, the Supreme Court denied the plaintiffs requests for counsel fees and spousal support. The parties were ordered to share equally in the educational costs for the minor child’s college through his 21st birthday.
Following the Supreme Court’s decision, the plaintiff filed a motion, denominated as a motion for leave to reargue, pursuant to CPLR 2221, but which was, in effect, a motion to set aside certain portions of the Supreme Court’s December 2009 decision pursuant to CPLR 4404 (b) (see Ehrman v Ehrman, 67 AD3d 955, 956 [2009]). The plaintiff alleged, inter alia, that she was entitled to an award of counsel fees and spousal support, that the Supreme Court improperly calculated the amount due to Petrochko, that the amounts received from Ewsuk were loans, and the principal amount received from Zoya was a gift. She also argued that the Supreme Court had failed to address her claims for reimbursement of the cost of repairing the marital home and for other costs which she allegedly incurred. The plaintiff also claimed that the court should have specified the amounts due to be repaid to the nonminor children and Rebecca and the amount due in child support arrears.
The Supreme Court denied the motion. It subsequently entered judgment pursuant to its December 2009 decision. The plaintiff appeals.
The amount and duration of spousal maintenance is committed to the sound discretion of the trial court, and each case is to be decided on its own unique facts (see Wortman v Wortman, 11 AD3d 604, 606 [2004]). The following factors should be considered in awarding spousal maintenance: the standard of living of the parties during the marriage, the income and property of the parties, the distribution of marital property, the duration of the marriage, the health of the parties, the present and fixture earning capacities of both parties, the ability of the party seeking maintenance to become self-supporting, and the reduced or lost lifetime earning capacity of the party seeking maintenance (id.; see Unterreiner v Unterreiner, 288 AD2d 463 [2001]).
A court need not rely on a party’s own account of his or her finances (see DeSouza-Brown v Brown, 71 AD3d 946, 947 [2010]). Rather, the court may impute income to a party based on the party’s past income or demonstrated earning potential (id.). A court may base its determination on the income a parent is capable of earning by honest efforts, given his or her *552 education and opportunities (see Matter of Bibicoff v Orfanakis, 48 AD3d 680, 681 [2008]).
Here, the Supreme Court appropriately exercised its discretion in denying spousal maintenance to the plaintiff. Indeed, the plaintiff is highly educated and is similarly situated to the defendant in terms of age, educational background, and future potential to work. Like the defendant, she is in the process of beginning a new career and, according to her own testimony, she should be able to earn approximately $40,000 per year. As such, the Supreme Court’s imputation of income to her was appropriate, and the record supports the court’s finding that the plaintiff was not entitled to spousal maintenance.
Similarly, the Supreme Court properly denied the plaintiff an award of counsel fees. An award of counsel fees lies in the sound discretion of the trial court, after that court has taken into account the equities and circumstances of the particular case including the respective financial circumstances of each party (see Domestic Relations Law § 237 [a]; Gagstetter v Gagstetter, 283 AD2d 393, 395 [2001]). The record reveals that, as the Supreme Court noted, the parties were both responsible for the litigious nature of the case, which involved, inter alia, a trial that lasted over the course of 21 months. Accordingly, we see no reason to disturb the Supreme Court’s finding with respect to counsel fees.
There is no merit to the plaintiff’s assertions that the Supreme Court improperly determined the total amount due to Petrochko and erred in finding that the sums received from Ewsuk were gifts while the sums received from Zoya were loans. Trial courts are vested with broad discretion in making equitable distribution of marital property (see DeGroat v DeGroat, 84 AD3d 1012, 1012 [2011]). In reviewing a determination as to equitable distribution, the trial court’s assessment of the credibility of witnesses is afforded great weight on appeal (see Jones-Bertrand v Bertrand, 59 AD3d 391, 391 [2009]). Here, each of the Supreme Court’s findings is supported by the record. First, as to the Petrochko loan, the parties agreed that, at commencement of this action, Petrochko was owed approximately $70,000, which reflected the principal plus interest. Moreover, the plaintiff provided no documentary evidence to support her contention that Ewsuk loaned money to the defendants, and Ewsuk acknowledged that she never spoke to the defendant about the money she gave to the plaintiff, did not discuss any obligation to repay the sums with him, and did not demand repayment of the alleged loans at any point. As such, the Supreme Court properly determined that the funds received *553 from Ewsuk were gifts. Finally, as to the funds received from Zoya, the parties agreed that they signed a promissory note to repay Zoya, although the plaintiff contended that the promise to repay concerned the interest only. The defendant, however, claimed that the promissory note obligated the parties to repay the principal balance. The Supreme Court was free to credit the defendant’s testimony, and we see no reason to disturb the court’s findings.
The Supreme Court properly denied the plaintiffs request for reimbursement of expenses that she allegedly incurred in making repairs to the marital home because the plaintiff failed to sufficiently prove that claim. Moreover, contrary to the plaintiff’s assertions, the Supreme Court addressed her contempt motions, properly finding that the defendant’s violations of the pendente lite order were not willful. The Supreme Court properly found that the children were owed a total sum of $21,000, a fact about which the parties were in substantial agreement.
Contrary to the plaintiffs contention, the Supreme Court did not fail to provide for the disposition of disputed marital property (cf. Mulcahy v Mulcahy, 255 AD2d 565 [1998]; Coccetti v Coccetti, 236 AD2d 506, 506 [1997]). Moreover, the plaintiffs contention that the Supreme Court failed to consider her claims for reimbursement for certain expenses when it determined the distribution of the marital property is without merit (see Scher v Scher, 91 AD3d 842, 847 [2012]).
The plaintiff’s remaining contentions are without merit. Rivera, J.P., Dickerson, Hall and Miller, JJ., concur.