■ WILLIAM BAUMGARDNER, Appellant, v COLEEN BAUMGARDNER, Respondent. [951 NYS2d 64]—

In an action for a divorce and ancillary relief, the plaintiff appeals, as limited by his brief, (1) from stated portions of a decision of the Supreme Court, Suffolk County (Bivona, J.), dated April 20, 2011, made after a nonjury trial, and (2) from so much of a judgment of the same court entered September 28, 2011,

as, upon the decision, directed him to pay to the defendant child support for the parties' youngest son in the sum of $1,063.21 per month, directed the defendant to pay to him child support for the parties' oldest son in the sum of only $282.62 per month, and, in effect, awarded sole ownership of the defendant's retirement account to the defendant.

Ordered that the appeal from the decision is dismissed, as no appeal lies from a decision (*see Schicchi v J.A. Green Constr. Corp.*, 100 AD2d 509, 509-510 [1984]); and it is further,

Ordered that the judgment is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the defendant.

The parties were married on March 22, 1997. There are two children of the marriage. The plaintiff commenced this action for a divorce and ancillary relief on March 17, 2008. After an inquest on grounds for divorce, the Supreme Court found that the plaintiff husband established the grounds for divorce. Thereafter, the parties executed stipulations as to, inter alia, custody, visitation, and partial equitable distribution, and referred to the court resolution of, among other things, child support and equitable distribution of the parties' respective retirement accounts. In a decision dated April 20, 2011, the court, inter alia, determined that each party would be awarded sole ownership of his or her respective retirement accounts, that the plaintiff would pay to the defendant child support for the parties' youngest son in the sum of $1,063.21 per month, and that the defendant would pay to the plaintiff child support for the parties' oldest son in the sum of $282.62 per month. The judgment of divorce entered September 28, 2011, among other things, incorporated those determinations.

In determining a parent's child support obligation, a court need not rely upon the parent's own account of his or her finances, but may impute income based upon the parent's past income or demonstrated earning potential (*see Matter of Rohme v Burns*, 92 AD3d 946, 947 [2012]; *DeSouza-Brown v Brown*, 71 AD3d 946, 947 [2010]; *Rosenberg v Rosenberg*, 44 AD3d 1022, 1025 [2007]; *Matter of Strella v Ferro*, 42 AD3d 544, 546 [2007]). The court may impute income based on the parent's employment history, future earning capacity, educational background, or money received from friends and relatives (*see Matter of Rohme v Burns*, 92 AD3d at 947; *Matter of Bouie v Joseph*, 91 AD3d 641, 642 [2012]). Where the parent's account of his or her income is not credible, the court may impute an income higher than that claimed (*see Matter of Rohme v Burns*, 92 AD3d at 947; *Matter of Bouie v Joseph*, 91 AD3d at 642). Moreover, a

court may impute income where the parent has received money, goods, or services from a relative or friend (*see* Domestic Relations Law § 240 [1-b] [b] [5] [iv] [D]; Family Ct Act § 413 [1] [b] [5] [iv] [D]; *Matter of Rohme v Burns*, 92 AD3d at 947). Here, the record supports the Supreme Court's determination that the plaintiff's testimony lacked credibility and that an imputation of income higher than that claimed was warranted. The court properly determined that the plaintiff has access to, and receives, financial support from his family. Considering these factors and all of the evidence presented, the court providently exercised its discretion in imputing income to the plaintiff in the sum of $75,000 per year (*see Matter of Rohme v Burns*, 92 AD3d at 947; *DeSouza-Brown v Brown*, 71 AD3d at 947; *Matter of Sena v Sena*, 65 AD3d 1244, 1245 [2009]; *Khaimova v Mosheyev*, 57 AD3d 737, 737-738 [2008]; *Matter of Strella v Ferro*, 42 AD3d at 546). Moreover, based on the evidence presented, the record supports the court's imputation of income to the defendant in the sum of $20,000 annually.

In calculating a parent's child support obligation, "child support actually paid pursuant to court order or written agreement on behalf of any child for whom the parent has a legal duty of support and who is not subject to the instant action" shall be deducted from income (Domestic Relations Law § 240 [1-b] [b] [5] [vii] [D]). Contrary to the plaintiff's contention, the Supreme Court did not err in failing to deduct from his income claimed child support for the plaintiff's child of a former marriage, where there was no evidence establishing that the plaintiff actually paid child support to the custodial parent of that child (*see Curran v Curran*, 2 AD3d 391, 392 [2003]).

There is no merit to the plaintiff's contention that the Supreme Court erred in taking judicial notice of the defendant's net worth statements which had been filed with the court pursuant to section 236 of the Domestic Relations Law and 22 NYCRR 202.16 (b).

The Domestic Relations Law mandates that the equitable distribution of marital assets be based on the circumstances of the particular case and directs the trial court to consider a number of statutory factors (*see Holterman v Holterman*, 3 NY3d 1, 7 [2004]; Domestic Relations Law § 236 [B] [5] [d]). There is no requirement that the distribution of each item of marital property be made on an equal basis (*see DeSouza-Brown v Brown*, 71 AD3d at 946; *Peritore v Peritore*, 66 AD3d 750, 752-753 [2009]; *Griggs v Griggs*, 44 AD3d 710, 713 [2007]). Here, the Supreme Court providently exercised its discretion by, in effect, awarding sole ownership of the defendant's retirement account

to the defendant (*see DeSouza-Brown v Brown*, 71 AD3d at 946). Rivera, J.P., Dickerson, Hall and Miller, JJ., concur.