■ In the Matter of Lori Funaro, Respondent, v Jeffrey Kudrick, Appellant. [8 NYS3d 433]—

Appeals from (1) an order of the Family Court, Suffolk County (Isabel E. Buse, S.M.), dated October 21, 2013, and (2) an order of that court (Bernard Cheng, J.), dated March 14, 2014. The order dated October 21, 2013, after a hearing, granted that branch of the mother's petition which was for an upward modification of the father's monthly child support obligation as set forth in an order dated September 9, 2009, granted her motion for counsel fees, and, in effect, denied the father's motion for counsel fees. The order dated March 14, 2014, denied the father's objections to the order dated October 21, 2013.

Ordered that the appeal from the order dated October 21, 2013, is dismissed, as that order was superseded by the order dated March 14, 2014; and it is further,

Ordered that the order dated March 14, 2014, is affirmed; and it is further,

Ordered that one bill of costs is awarded to the mother.

A party seeking to modify a prior court order of child support need only demonstrate a change in circumstances sufficient to warrant a modification (see Family Ct Act § 461 [b] [ii]; Matter of Jewett v Monfoletto, 72 AD3d 688, 689 [2010]). An increase in the noncustodial parent's income is a factor which may be considered in deciding whether to grant an upward modification of support, but this factor alone is not determinative (see Matter of DiGiorgi v Buda, 26 AD3d 434, 435 [2006]; Matter of Love v Love, 303 AD2d 756, 756 [2003]).

"In determining a parent's child support obligation, a court need not rely upon the parent's own account of his or her finances, but may impute income based upon the parent's past income or demonstrated earning potential" (Baumgardner v Baumgardner, 98 AD3d 929, 930 [2012]; see DeSouza-Brown v Brown, 71 AD3d 946, 947 [2010]). Further, "[t]he court may impute income based on the parent's employment history, future earning capacity, educational background, or money received from friends and relatives" (Baumgardner v Baumgardner, 98 AD3d at 930; see Reale v Reale, 104 AD3d 747, 748 [2013]). "The factfinder's determination concerning the imputation of income to an obligor spouse is almost always based on the resolution of credibility, and therefore, is given great deference on appeal" (Khaimova v Mosheyev, 57 AD3d 737, 737-738 [2008]; see Matter of Strella v Ferro, 42 AD3d 544, 545-546 [2007]).

Here, the Family Court properly denied the father's objections to so much of the Support Magistrate's order as granted that branch of the mother's petition which was for an upward

modification of the father's monthly child support obligation as set forth in a prior order. The evidence presented at the hearing demonstrated that the mother established a change in circumstances due to increased needs of the children, a decrease in her income, and a substantial improvement in the father's financial condition. Income was properly imputed to the father based upon the determination that his testimony concerning his income and expenses lacked credibility and upon evidence that his finances were mingled with those of friends or family (*see Baumgardner v Baumgardner*, 98 AD3d at 931; *Matter of Rohme v Burns*, 92 AD3d 946, 947 [2012]; *Matter of Bouie v Joseph*, 91 AD3d 641, 642 [2012]; *Matter of Azrak v Azrak*, 60 AD3d 937, 938-939 [2009]; *Matter of Strella v Ferro*, 42 AD3d at 546).

Further, the Family Court, in its discretion, may award an attorney's fee to the attorney representing the person claiming a right to support on behalf of the child (*see* Family Ct Act § 438; *Matter of Nieves-Ford v Gordon*, 47 AD3d 936, 937 [2008]). Here, the Family Court properly concluded that the Support Magistrate did not improvidently exercise its discretion in granting the mother's motion for counsel fees.

The father's remaining contentions are without merit. Rivera, J.P., Austin, Cohen and Duffy, JJ., concur.