■ JANNETTE GONZALEZ, Respondent, v ANGEL RAFAEL GARCIA, Appellant. [22 NYS3d 513]—

Appeals from (1) a "judgment" of the Supreme Court, Kings County (Charmaine E. Henderson, Ct. Atty. Ref.), entered May 1, 2014, upon a decision dated January 17, 2014, made after a nonjury trial, and (2) a judgment of divorce of the same court

(Eric I. Prus, J.), also entered May 1, 2014. The judgment of divorce, insofar as appealed from, (a) upon a decision dated April 23, 2014, made after an inquest, awarded the plaintiff a divorce on the ground that the relationship between the parties had broken down irretrievably for a period of at least six months, and (b) upon the "judgment" entered May 1, 2014, and the decision dated January 17, 2014, inter alia, awarded the plaintiff the sum of $11,589.62 for child support arrears and the defendant's pro rata share of college expenses, declined to award maintenance to the defendant, and declined to award the defendant any share of the plaintiff's savings and checking accounts, thrift savings plan account, and pension plan.

Ordered that the appeal from the judgment entered May 1, 2014, is dismissed as academic, as that judgment was superseded by the judgment of divorce, also entered May 1, 2014; and it is further,

Ordered that the judgment of divorce is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

Contrary to the pro se defendant's contention, the legal ground for the parties' divorce, that there had been an irretrievable breakdown of the marital relationship for a period of at least six months (*see* Domestic Relations Law § 170 [7]; *see generally Bibeau v Sudick*, 122 AD3d 652 [2014]; *Hoffer-Adou v Adou*, 121 AD3d 618 [2014]), was recited as an allegation in the complaint, and the defendant admitted that allegation in his answer. Moreover, the Supreme Court properly conducted an inquest on the ground for the divorce, at which the plaintiff established that there had been an irretrievable breakdown of the marital relationship for the requisite period.

The issue of appropriate spousal maintenance is addressed to the sound discretion of the trial court, and each case is to be resolved upon its own unique facts (*see Carr-Harris v Carr-Harris*, 98 AD3d 548 [2012]; *Arrigo v Arrigo*, 38 AD3d 807 [2007]). Here, the trial court determined that the parties led separate financial lives for many years, and that the defendant maintained an extravagant lifestyle despite his unsubstantiated claims of being unable to engage in any form of work and being in need of support. In considering the evidence in light of the relevant statutory factors (*see* Domestic Relations Law § 236 [B] [6]), the court providently exercised its discretion in determining that the defendant was not entitled to an award of maintenance (*see Carr-Harris v Carr-Harris*, 98 AD3d 548 [2012]; *Arrigo v Arrigo*, 38 AD3d 807 [2007]).

Similarly, the trial court possesses broad discretion in

determining issues of equitable distribution in accordance with the appropriate statutory factors (*see* Domestic Relations Law § 236 [B] [5]), and the court's credibility determinations are accorded great weight on appeal (*see Baumgardner v Baumgardner*, 98 AD3d 929 [2012]; *Alper v Alper*, 77 AD3d 694 [2010]; *Jones-Bertrand v Bertrand*, 59 AD3d 391 [2009]; *Grasso v Grasso*, 47 AD3d 762 [2008]). Under the circumstances of this case, the court properly determined that each party should retain the accounts in his or her own name, and that the defendant was not entitled to a distributive share of the household furnishings (*see Baumgardner v Baumgardner*, 98 AD3d 929 [2012]; *Alper v Alper*, 77 AD3d 694 [2010]; *DeSouza-Brown v Brown*, 71 AD3d 946 [2010]; *Galvin v Francis*, 20 AD3d 550 [2005]; *Moody v Moody*, 172 AD2d 730 [1991]; *Barnes v Barnes*, 106 AD2d 535 [1984]).

The trial court providently exercised its discretion in imputing additional income to the defendant (*see Baumgardner v Baumgardner*, 98 AD3d 929 [2012]; *DeSouza-Brown v Brown*, 71 AD3d 946 [2010]), and in using that enhanced figure to calculate the defendant's child support obligation and his pro rata share of college expenses for the parties' daughter (*see generally Sutka v Sutka*, 299 AD2d 540 [2002]).

The defendant's remaining contentions are without merit. Mastro, J.P., Leventhal, Roman and Barros, JJ., concur.