Appeal by the plaintiff from stated portions of a judgment of divorce of the Supreme Court, Queens County (Pam Jackman Brown, J.), entered April 13, 2015. The judgment, upon a decision of that court dated May 16, 2014, made,after a nonjury trial, inter alia, failed to impute income to the defendant in determining his child support obligation, failed to award the plaintiff maintenance, and made an equitable distribution of the parties’ marital assets.
 

 Ordered that the judgment of divorce is modified, on the facts, by deleting the provision thereof awarding the defendant two properties located in Franklin, New York, as his separate property, and substituting therefor a provision awarding the plaintiff an amount equal to one-half the value of those two properties located in Franklin, New York; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Queens County, for a determination of the value of the two properties located in Franklin, New York, and the amount the plaintiff is entitled to receive equal to one-half that value, and for the entry of án appropriate amended judgment thereafter.
 

 The parties were married in January 1990 and have one child, who was born in 2001. During the marriage, the defendant owned a business that was involved in the installation of appliances for a major retail chain. The plaintiff has been disabled since 1995 and received disability benefits, which, at the time of the trial, amounted to $1,800 per month.
 

 In April 2008, the plaintiff commenced this action for a divorce and ancillary relief. In October 2008, the defendant sold the assets of his business. Thereafter, the defendant began receiving disability benefits, which, at the time of trial, amounted to $2,164 per month. The parties continued to live together until November 2010, when the defendant vacated the marital residence pursuant to an order of protection.
 

 A home equity line of credit (hereinafter HELOC) was opened in both parties’ names in the amount of $200,000, on July 11, 2005, three years prior to the commencement of this action. The available balance at the time of trial was $500. The defendant testified at trial that the funds were used to pay bills.
 

 Evidence was adduced at trial that during the marriage, the defendant acquired, in his sole name, an interest in two properties located in Franklin, New York, one on Buck Horn Farm Road and one on Olive Whitbeck Road (hereinafter together the Franklin properties), from a corporation owned by his family. In addition, the plaintiff testified that the parties had purchased certain timeshare interests in property, including a timeshare referred to as Week Number 5 that remained in the name of the defendant’s brother at the time of trial.
 

 After the trial, the Supreme Court determined, among other things, that: (1) the defendant’s child support obligation would be based upon his monthly disability payments of $2,164, and no additional income would be imputed to him; (2) the parties were equally responsible for the repayment of $166,500 of the HELOC loan, as the debt was incurred during the marriage, but the defendant was directed to repay $33,500 of the HELOC loan from his proceeds of the sale of the marital residence as restitution for using HELOC funds for his counsel fees; (3) the Franklin properties and the Week Number 5 timeshare were the defendant’s separate property; and (4) the plaintiff was not entitled to maintenance. The plaintiff appeals from stated portions of the judgment of divorce.
 

 “The factfinder’s determination concerning the imputation of income to an obligor spouse is almost always based on the resolution of credibility, and therefore, is given great deference on appeal” (Khaimova v Mosheyev, 57 AD3d 737, 737-738 [2008]; see Matter of Strella v Ferro, 42 AD3d 544, 545-546 [2007]). Contrary to the plaintiff’s contentions, the facts of this case did not warrant imputation of income to the defendant in determining his child support obligation.
 

 Further, the plaintiff failed to meet her burden of establishing that the defendant dissipated marital assets (see Raynor v Raynor, 68 AD3d 835, 838 [2009]; Solomon v Solomon, 307 AD2d 558, 561 [2003]; Strang v Strang, 222 AD2d 975, 978 [1995]; Reidy v Reidy, 136 AD2d 614, 615 [1988]). Thus, the Supreme Court properly directed that the parties were equally responsible for the repayment of the HELOC loan, with the exception of $33,500 that the defendant used to pay his counsel fees (see Sawin v Sawin, 128 AD3d 663, 665 [2015]; McCoy v McCoy, 117 AD3d 806, 809-810 [2014]).
 

 The amount and duration of maintenance is a matter committed to the sound discretion of the trial court, and each case must be determined on its unique facts (see Gafycz v Gafycz, 148 AD3d 679 [2017]; Carr-Harris v Carr-Harris, 98 AD3d 548, 551 [2012]; Mazzone v Mazzone, 290 AD2d 495, 496 [2002]). The factors to consider in awarding maintenance include “the standard of living of the parties during the marriage, the income and property of the parties, the distribution of marital property, the duration of the marriage, the health of the parties, the present and future earning capacities of both parties, the ability of the party seeking maintenance to become self-supporting, and the reduced or lost lifetime earning capacity of the party seeking maintenance” (Carr-Harris v Carr-Harris, 98 AD3d at 551). In light of the Supreme Court’s analysis of these factors and its assessment of the credibility of the parties, we decline to disturb its determination that the plaintiff was not entitled to maintenance.
 

 The Franklin properties, which the defendant acquired in his sole name during the marriage, are presumed to be marital property, and that presumption was not rebutted (see Rosenberg v Rosenberg, 145 AD3d 1052, 1054-1055 [2016]; Bernard v Bernard, 126 AD3d 658, 659 [2015]). Accordingly, the plaintiff is entitled to a distributive award equal to one-half the value of those properties, which may require the appointment of a neutral appraiser paid for by one or both parties (see e.g. McDicken v McDicken, 109 AD2d 734, 735 [1985]).
 

 However, there was no evidence that the Week Number 5 timeshare was marital property, as the deed remained in the defendant’s brother’s name at the time of trial, and there was no evidence that it was purchased during the marriage by either of the parties with marital funds.
 

 The plaintiff’s remaining contentions are without merit.
 

 Leventhal, J.P., Hall, Hinds-Radix and Maltese, JJ., concur.