Levi v Levi (2020 NY Slip Op 05194)





Levi v Levi


2020 NY Slip Op 05194


Decided on September 30, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 30, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
JEFFREY A. COHEN
BETSY BARROS
ANGELA G. IANNACCI, JJ.


2017-07611
 (Index No. 201319/14)

[*1]Brian Levi, appellant,
v
Tara Levi, respondent.


Ian S. Mednick, P.C., Hauppauge, NY, for appellant.
Joseph J. Sciacca (Mauro Lilling Naparty, LLP, Woodbury, NY [Matthew W. Naparty and Seth M. Weinberg], of counsel), for respondent.



DECISION & ORDER
In an action for a divorce and ancillary relief, the plaintiff appeals from stated portions of a judgment of divorce of the Supreme Court, Nassau County (Robert A. Bruno, J.), entered June 20, 2017. The judgment of divorce, upon a decision of the same court dated February 8, 2017, made after a nonjury trial, inter alia, equitably distributed the parties' marital property, directed the plaintiff to pay to the defendant the sum of $1,899.91 per month for child support and the principal sum of $66,496.85 for child support arrears, and awarded the defendant attorney's fees in the sum of $75,000.
ORDERED that the judgment of divorce is modified, on the law, on the facts, and in the exercise of discretion, (1) by adding a provision thereto awarding the plaintiff a credit in an amount to be determined by the Supreme Court, Nassau County, representing the defendant's 21% pro rata share of the total sums paid by the plaintiff, pursuant to a pendente lite order of the same court dated September 3, 2014, for the unreimbursed medical, dental, and eyeglasses expenses for the defendant and the parties' children, and the expenses for tutors, therapists, and extracurricular expenses of the children, to offset the plaintiff's payment of future add-on child support expenses, and (2) by deleting the provision thereof awarding the defendant attorney's fees in the sum of $75,000, and substituting therefore a provision awarding the defendant attorney's fees in the sum of $68,000; as so modified, the judgment of divorce is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Nassau County, to calculate the credit due to the plaintiff for future add-on expenses in accordance herewith.
The parties were married in 2003 and have two children. On May 7, 2014, the plaintiff commenced this action for a divorce and ancillary relief. Pursuant to a pendente lite order dated September 3, 2014 (hereinafter the 2014 pendente lite order), the plaintiff was directed, inter alia, to pay the defendant $500 per month for temporary spousal maintenance and $750 per month for temporary child support, to pay all unreimbursed medical, dental, and eyeglasses expenses for the defendant and the children, and to pay expenses for certain therapists and tutors for the children. The court also directed the plaintiff to pay 100% of the fees for the appointed attorney for the children and the forensic evaluator, subject to reallocation at trial.
At trial, it was established that the plaintiff was employed full-time by the MTA, [*2]earning a salary of $99,000 annually. The defendant, a licensed optician, testified that she worked part-time at a neurovisual practice, earning $20 per hour, for an average of 25 hours per week. In a decision after trial dated February 8, 2017, the Supreme Court determined that the defendant's annual earnings of $26,000 represented 21% of the parties' combined income, and calculated the plaintiff's child support obligation under the Child Support Standards Act at $1,899.91 monthly, retroactive to the date of the defendant's application for pendente lite support. The court summarily denied the plaintiff's request to reallocate the pendente lite awards for maintenance and the fees for the attorney for the children and the forensic evaluator, as well as his request for a credit for his payments of the defendant's car insurance premiums. By judgment of divorce entered June 20, 2017, the court, inter alia, directed the plaintiff to pay the defendant the principal sum of $66,496.85 for child support arrears, awarded the defendant 50% of the marital portion of the plaintiff's pension fund, and awarded the defendant attorney's fees in the sum of $75,000. The plaintiff appeals.
"The factfinder's determination concerning the imputation of income to an obligor spouse is almost always based on the resolution of credibility, and therefore, is given great deference on appeal" (Matter of Funaro v Kudrick, 128 AD3d 695, 696, quoting Khaimova v Mosheyev, 57 AD3d 737, 737-738). Here, contrary to the plaintiff's contention, the Supreme Court did not improvidently exercise its discretion in declining to impute income to the defendant greater than the $26,000 in earnings to which she testified at trial (see Strohli v Strohli, 174 AD3d 938, 942).
The plaintiff's contention that the Supreme Court erred in calculating child support arrears by utilizing his undisputed income at the time of trial also is without merit. The court was not required to reduce the plaintiff's retroactive child support obligation due to the fact that he had earned a lower salary in 2014 and 2015 as compared to his earnings at the time of trial (see generally Matter of Feliciano v Elghouayel, 164 AD3d 1238, 1239).
However, we agree with the plaintiff that the Supreme Court should have credited him for the 21% of unreimbursed medical, dental, and vision expenses, as well as expenses for certain tutors and therapists, that he had overpaid pursuant to the 2014 pendent lite order, which, in effect, set the plaintiff's pro rata share of these expenses at 100% (see Spiegel-Porco v Porco, 127 AD3d 847, 848). Given the strong public policy against restitution or recoupment of the overpayment of child support (see Hart v Rosenthal, 173 AD3d 695, 697), to the extent the plaintiff overpaid these expenses, such overpayment should be offset against future add-on expenses (see Matter of McGovern v McGovern, 148 AD3d 900, 902), and we remit the matter to the Supreme Court, Nassau County, for a calculation of the credit due to the plaintiff.
Contrary to the plaintiff's contention, the Supreme Court properly considered the factors enumerated in Domestic Relations Law § 236(B)(5)(d) in awarding the defendant 50% of the value of the plaintiff's pension fund, which was marital property (see Majauskas v Majauskas, 61 NY2d 481). "The trial court is vested with broad discretion in making an equitable distribution of marital property and unless it can be shown that the court improvidently exercised that discretion, its determination should not be disturbed" (Saleh v Saleh, 40 AD3d 617, 617-618 [internal quotation marks omitted]). "Moreover, where, as here, the determination as to equitable distribution has been made after a nonjury tial, the trial court's assessment of the credibility of witnesses is afforded great weight on appeal" (Linenschmidt v Linenschmidt, 163 AD3d 949, 950). Here, the record establishes that the defendant made significant non-economic contributions to the marriage by acting as the primary caregiver to the two children, both of whom had significant special needs, enabling the plaintiff to work outside the home and advance in his career (see, e.g. Goodman v Lempa, 168 AD3d 914, 914-915; Eschemuller v Eschemuller, 167 AD3d 983, 985).
"An award of counsel fees pursuant to Domestic Relations Law § 237(a) is a matter within the sound discretion of the trial court, and the issue 'is controlled by the equities and circumstances of each particular case"' (D'Angio v D'Angio, 171 AD3d 1130, 1130, quoting Morrissey v Morrissey, 259 AD2d 472, 473). Domestic Relations Law § 237(a) provides that "[t]here shall be a rebuttable presumption that counsel fees shall be awarded to the less monied spouse." Here, given the parties' relative financial circumstances and ability to pay, the award of attorney's fees to the defendant was appropriate. Notwithstanding the plaintiff's claim that the [*3]defendant engaged in dilatory tactics and frivolous motion practice (see e.g. Cravo v Diegel, 163 AD3d 920, 923), the record establishes that the plaintiff's noncompliance with the 2014 pendente lite order and failure to pay interim attorney's fees, among other things, contributed to the inflation of both parties' litigation costs. Accordingly, the Supreme Court providently exercised its discretion in awarding the defendant attorney's fees, and in denying the plaintiff's requests for attorney's fees and sanctions against the defendant (see 22 NYCRR 130-1.1[a]; Bishop v Bishop, 170 AD3d 642, 645). In consideration of the plaintiff's payment of 100% of the fees for the attorney for the children and the forensic evaluator pursuant to the court's orders entered June 9, 2014, and September 29, 2014, both subject to reallocation at trial, we reduce the award of attorney's fees to the defendant to the sum of $68,000 (see Spiegel-Porco v Porco, 127 AD3d 847, 848; C.G. v R.G., 46 Misc 3d 1214 [A], 2015 NY Slip Op [U] [Sup Ct, Richmond County]).
The plaintiff's remaining contentions are without merit.
BALKIN, J.P., COHEN, BARROS and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court