Matter of Sorscher v Auerbach (2022 NY Slip Op 03898)

Matter of Sorscher v Auerbach

2022 NY Slip Op 03898

Decided on June 15, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 15, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
CHERYL E. CHAMBERS
ROBERT J. MILLER
LINDA CHRISTOPHER, JJ.

2021-09055
 (Docket No. F-17291-19)

[*1]In the Matter of Bracha Sorscher, appellant,
v
Shai Auerbach, respondent.

Stuart Salles, New York, NY (Philip L. Kamaras of counsel), for appellant.
Israel Fried, Long Beach, NY, for respondent.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 4, the mother appeals from an order of the Family Court, Kings County (Judith Waksberg, J.), dated November 8, 2021. The order denied the mother's objections to an amended order of the same court (Gabrielle F. Richman, S.M.) dated September 27, 2021, which, inter alia, directed the father to pay child support in the sum of $221 weekly, 48% of the education expenses and unreimbursed health-related expenses for the parties' children, and retroactive child support in the sum of $24,025.86.
ORDERED that the order dated November 8, 2021, is reversed, on the facts and in the exercise of discretion, without costs or disbursements, the mother's objections to the order dated September 27, 2021, are granted, the order dated September 27, 2021, is vacated, and the matter is remitted to the Family Court, Kings County, for further proceedings consistent herewith.
The mother and the father have five children together. In June 2019, the mother filed a petition seeking child support. In written findings of fact dated July 20, 2021, made after a hearing, the Support Magistrate found that the father had not substantiated his income, and she imputed income to him based on, inter alia, free housing provided to him by his former foster parents and free use of vehicles he received from a friend. In an order dated July 23, 2021, the Support Magistrate, inter alia, in effect, granted the mother's petition and directed the father to pay child support in the sum of $409 weekly, 64% of the education expenses for the parties' children, 63% of the unreimbursed health-related expenses for the parties' children, and retroactive child support in the sum of $44,464.14. Thereafter, in an order dated September 15, 2021, the Family Court, inter alia, granted so much of the father's objections as were with respect to the imputation of income to him based upon the free housing he receives from his former foster parents and the value of vehicles that he is provided by a friend, and remitted the matter to the Support Magistrate to reissue her findings of fact and order of support with respect to the income imputed to the father for his housing and vehicle use. On remittitur, the Support Magistrate recalculated the father's support obligation by deleting from her calculations the income she had imputed to the father for his housing and vehicle use. In an amended order dated September 27, 2021, the Support Magistrate, inter alia, directed the father to pay child support in the sum of $221 weekly, 48% of the education expenses and unreimbursed health-related expenses for the parties' children, and retroactive child support in the sum of $24,025.86. In an order dated November 8, 2021, the Family Court denied the mother's objections to the Support Magistrate's September 27, 2021 amended order, and the mother appeals.
"While a Support Magistrate is afforded considerable discretion in determining whether to impute income to a parent, a determination to impute income will be rejected where the amount imputed was not supported by the record, or the imputation was an improvident exercise of discretion" (Matter of Vilmont v Vilmont, 173 AD3d 877, 878 [citations and internal quotation marks omitted]; see Matter of Fleming v McCloskey, 173 AD3d 865, 867).
Here, as the Family Court determined, the Support Magistrate's imputation of income to the father based upon the free housing and use of vehicles he received was not supported by the record, as the Support Magistrate explicitly set forth in her findings of fact dated July 20, 2021, that she conducted her own research to estimate the value of the father's housing and adopted the mother's unsubstantiated estimate of the value of the father's vehicle use. Although we agree with the Support Magistrate's initial determination to impute an income to the father based upon his housing and vehicle use (see Matter of Poulos v Chachere, 163 AD3d 679, 681; Matter of Recco v Turbak, 124 AD3d 900, 901; Baumgardner v Baumgardner, 98 AD3d 929, 931; Matter of Ambrose v Felice, 45 AD3d 581, 583; M.L.M. v R.G.M., 63 Misc 3d 1211[A], 2019 NY Slip Op 50466[U], *4 [Sup Ct, Westchester County]; B.K. v J.N., 48 Misc 3d 1214[A], 2015 NY Slip Op 51124, *15-16 [Sup Ct, Richmond County]), and with the Family Court's determination that the Support Magistrate improperly made a determination that was not supported by the record (see Matter of Fleming v McCloskey, 173 AD3d at 867), we find that, as the mother contends, the Family Court should have remitted the matter to the Support Magistrate to determine the appropriate value, if any, to be imputed to the father for his free housing and vehicle use. Thus, we remit the matter to the Family Court, Kings County, for a hearing to be conducted concerning the limited issue of whether a value can be ascertained for the father's free housing and vehicle use (see id.), and a new determination, if necessary, of the father's income.
The mother's remaining contention is unpreserved for appellate review and, in any event, without merit.
BARROS, J.P., CHAMBERS, MILLER and CHRISTOPHER, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court